**QING WEI LIU, Petitioner,**

v.

**Alberto GONZALES, Respondent.**

No. 07–0081–ag.

United States Court of Appeals, Second Circuit.

July 10, 2007.

Michael Brown, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Leslie McKay, Senior Litigation Counsel; Jordan A. Goldstein, Office of Legal Counsel, Washington, DC, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD J. CARDAMONE, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Qing Wei Liu, a citizen of the People's Republic of China, seeks review of a December 11, 2006 order of the BIA denying his motion to reopen removal proceedings. *In re Qing Wei Liu,* No. A78 458 832 (B.I.A. Dec. 11 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.*

Here, the BIA did not abuse its discretion in denying Liu's untimely motion to reopen because he failed to present evidence of changed country conditions in China. *See* 8 C.F.R. §§ 1003.2(c)(3)(ii), 1003.23(b)(4)(i). In his motion, Liu claimed that village cadres had continued to harass his wife since Liu left China, and that as a result of the harassment, his wife became ill. However, Liu failed to show that his wife's illness was caused by the harassment by government officials. Moreover, even if he had established that the continued harassment resulted in his wife's illness, the BIA reasonably found that the harassment Liu described was not a changed circumstance, but rather that the conditions in China had continued to be the same since Liu's merits hearing although the effect on his wife may have worsened. Indeed, in his motion to reopen, Liu alleged that authorities "kept harassing his family members." Therefore, the BIA did not abuse its discretion in denying Liu's motion. *See Ke Zhen Zhao,* 265 F.3d at 97.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).